IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE MUNOZ,**

        Petitioner,

   v.                       **CIVIL ACTION NO. 5:19cv304**
                                     **(BAILEY)**

**G. GOMEZ, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 5, 2019, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, challenging the decision of the Bureau of Prisons that he is ineligible for early release upon completion of the Residential Drug Addiction Program ("RDAP"). The petitioner has paid the $5.00 filing fee. By Order entered on April 14, 2020, the respondent was directed to show cause why the petitioner should not be granted. On May 12, 2020, the respondent filed a Motion to Dismiss or for Summary Judgment, and a Roseboro Notice was issued that same date. The petitioner has not filed a response. On June 12, 2020, the respondent was directed to file a supplemental response addressing the petitioner's status in RDAP. On June 15, 2020, the respondent filed a Supplemental Response and Motion to Dismiss as Moot.

### II. BACKGROUND

On February 28, 2017, following his conviction in the District of New Jersey for conspiracy to distribute 100 grams or more of heroin, the petitioner was sentenced to a term of 60 months imprisonment. [Doc. 10-1 at 10]. In the Judgment, the district court

recommended that the petitioner be enrolled in RDAP. [Id. at 11.]

The BOP must "make available appropriate substance abuse treatment for each prisoner that the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive to encourage prisoners to enroll in BOP drug treatment programs, the BOP may, in its discretion, reduce by up to one year the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a substance abuse program. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58; Pelissero v. Thompson, 170 F.3d 442, 443-44 (4th Cir. 1999).

In his pending habeas pursuant to § 2241, the petitioner maintains that the BOP failed to apply the plain language mandated by Congress in 18 U.S.C. § 3621 by disregarding the word "conviction" as opposed to a sentencing enhancement for possession of a firearm to deny him the opportunity for a sentence reduction after he completes the RDAP program. For relief, the petitioner requests that this Court order the BOP to implement the intent of Congress as to his eligibility for a reduction of sentence once he completes the RDAP program.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

At the time the petitioner filed the instant § 2241, he was actively participating in the RDAP at FCI Morgantown. However, the petitioner subsequently failed the requirements

of the RDAP, and he was expelled from the program on January 27, 2020. [Doc. 14-1 at 5]. As previously noted, the BOP has discretion to reduce the sentence of an inmate who successfully completes the RDAP. Because the petitioner failed to complete the program, he is fundamentally ineligible for a sentence reduction. Therefore, his petition requests relief that neither the BOP nor this Court can grant and is inherently moot.[1]

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment **[Doc. 9]** be **DENIED**, the respondent's Motion to Dismiss as Moot **[DOC. 14]** be **GRANTED** and the petitioner's §2241 petition **[Doc. 1]** be **DISMISSED AS MOOT**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

---

[1] Because the petition is now moot, the undersigned has not addressed the merits of the petitioner's claims, nor the respondent's original arguments in support of his motion to dismiss.

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet and provide a copy to all counsel of record as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED:** June 23, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE